## Collector's Commissions on School Taxes

ARNOLD, Deputy Attorney General, November 20, 1934.—You have asked us whether a school district which has issued bonds and pledged taxes under the Act of May 18, 1933, P. L. 813, commonly known as the Mansfield Act, may pay from such taxes when collected the usual commission to the tax collector who collects them.

The Mansfield Act authorizes municipal subdivisions, including school districts, to borrow money on bonds running as long as 10 years, to meet current expenses. The municipality is required to pledge uncollected taxes for payment of the bonds, and with respect to that pledge, the act provides as follows:

"Section 3. Each ordinance or resolution authorizing the issuing of said bonds shall recite an amount of the uncollected taxes then due, at least equal to the amount of the proposed issue of bonds, which amount of uncollected taxes so recited shall become a trust fund for the redemption of said bonds and the payment of the interest and taxes, if any, thereon, and it shall be the duty of the secretary or clerk of the governing body to credit the emergency sinking fund with such taxes and of the treasurer of such municipality or quasi municipality to deposit in the emergency sinking fund, immediately upon receipt thereof, any and all said uncollected taxes, provided that the amount of said uncollected taxes received and deposited in the emergency sinking fund in any year may be deducted from the amount of the annual tax, levied for the year following, to be levied and collected for the redemption of said bonds and the payment of the interest and taxes, if any, thereon.

"Section 4. Any person who shall, directly or indirectly, apply or use any of said uncollected taxes to or for any purposes other than to deposit the same in the emergency sinking fund shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined in a sum not exceeding one thousand dollars ($1,000.00), or imprisoned for a term not exceeding one (1) year, or either or both, in the discretion of the court."

Your precise question, as we understand it, is whether the amount of pledged taxes which must be paid into the emergency sinking fund must be the gross amount collected or whether it may be tolled for the commissions of the collector who gathers them in.

Section 559 of the School Code of May 18, 1911, P. L. 309, requires every tax collector to account in full to the school board for all taxes on his duplicate, less only such amounts as he may have been exonerated from collecting and such amounts as are assessed against real estate on which there is no personal property from which the tax could have been collected. The collector has no authority to deduct his compensation before paying the taxes over to the school board. This is made entirely clear by section 554 of the School Code, which directs that the compensation of tax collectors is to be paid "by proper orders drawn on the school treasurer, as other accounts are paid by any school district".

Thus, it is apparent that the taxes which the school district receives are the gross taxes without deduction of collectors' commissions. It is that gross amount which the act designates as a trust fund and which the treasurer must pay into the emergency sinking fund. There is no authority under which the treasurer could hold out and put into the general treasury enough to pay commissions, and no authority to draw orders on the emergency sinking fund to pay such fees.

Therefore, we advise you that all unpaid taxes which are made the basis of a bond issue under the Mansfield Act, when collected, must be paid into the emergency sinking fund of the district without deduction for collectors' commissions. The collector must be compensated out of other funds of the district.

From C. P. Addams, Harrisburg, Pa.